UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

REGENCY, INC., KELLY WOLFE,
SCHUYLER POPPE, MICHELLE
KOEHLINGER, FRANZ "LJ"
HILBERATH, PATSY TRUGLIA,
CHRISTINE TRUGLIA, JOEL
RUFUS FRENCH, LATEESE FORD,
AND R&L SENIOR MARKETING
a/k/a R&L MARKETING GROUP
LLC, AARON WILLIAMSKY,
NADIA LEVIT, and STAR MEDICAL
SUPPLY,

    Defendants.

_____/

Case No. 19-803T33AEP

FILED *EX PARTE*
AND UNDER SEAL

## TEMPORARY RESTRAINING ORDER

On this 4th day of April, 2019 at 3:20 p.m., upon consideration of Plaintiff United States of America's Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum of Law pursuant to 18 U.S.C. § 1345, the Complaint filed by Plaintiff United States of America, and the Declaration of Special Agent Mitchell Blum, the Court finds that the United States has demonstrated, in a manner sufficient for the specific injunctive relief sought, that:

1

1. The Defendants are violating and unless enjoined will continue to violate 18 U.S.C. § 1349, 18 U.S.C. § 1349, 18 U.S.C. § 371, 18 U.S.C. § 1001, 18 U.S.C. § 1035, and/or 42 U.S.C. § 1320a-7b(b), and have committed and unless enjoined would continue to commit a federal health care offense through the submission of false and fraudulent claims to the Medicare and Medicaid programs;

2. The Defendants are alienating or disposing of property, and intend to alienate or dispose of property, obtained as a result of a federal health care offense, property which is traceable to such violation, or property of equivalent value; and

3. The provision of advance notice to the Defendants will likely aggravate the damage that the order seeks to prevent because advance notice will provide the Defendants with the opportunity to transfer, expend, or conceal the remaining property.

Based on the foregoing, the Court hereby concludes as follows:

4. that the requested relief has been considered and the United States' motion for a temporary restraining order is **GRANTED** without prior notice to the Defendants; and

5. because the United States' motion is based upon 18 U.S.C. § 1345, which expressly authorizes injunctive relief to protect the public interest, no specific finding of irreparable harm is necessary, no showing of the inadequacy of other remedies at law is necessary, and no balancing of the interests of the parties is required prior to the issuance of a temporary restraining order in this case.

After consideration of the foregoing, it is therefore

**ORDERED, ADJUDGED and DECREED** that the Defendants, their respective agents, employees, attorneys, and all persons acting in concert and participation with them, including all banking and other financial institutions at which they do business, and all corporate entities over which they exercise control, who receive actual or constructive notice by personal service, by publication, or otherwise, be enjoined as follows:

6. From making or submitting or conspiring to make or submit any claims to the Medicare program or any health care benefit program, as defined in 18 U.S.C. § 24(b), in violation of 18 U.S.C. § 371, 18 U.S.C. § 1347, 18 U.S.C. § 1349, and/or 42 U.S.C. § 1320a-7b(b), and from committing any Federal health care offense as defined in 18 U.S.C. § 24;

7. From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, any moneys or sums presently deposited, or held on behalf of any Defendant by any financial institution, trust fund, or other financial entity, public or private, **including but not limited to** the accounts listed on Attachment A;

8. From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, assets, real or personal (including, for example, real estate, motor vehicles, boats and watercraft, jewelry, artwork, antiques, household furniture or furnishings, household contents, etc.), in which any Defendant has an interest, up to the equivalent value of the proceeds of the Federal health care fraud;

**IT IS FURTHER ORDERED** that the Defendants, their respective owners, agents, employees, attorneys and all persons acting in concert and participation with them, including all banking and other financial institutions at which they do business, and all corporations over which they exercise control, are ordered:

9. To preserve all business, financial, and accounting records, including bank records that detail any of Defendants' business operations and disposition of any payment that directly or indirectly arose from the payment of money to any Defendant on behalf of the Medicare program;

10. To preserve all medical records, including patient records, that relate to any Defendant's business operations and/or to supplies for which claims were submitted to the Medicare program;

**IT IS FURTHER ORDERED** that Defendants, within one calendar week of receiving notice of this Order:

11. Provide to the United States the following:

    a. A list of all financial institutions, including but not limited to banks and brokerage houses, at which there are now, or have been maintained in the past three years, any savings, checking, money market, investment, retirement, or any other kind of account or other safe deposit box into which money or other items of value, whether or not in response to any of the activities described in the United States' Complaint, have been deposited in any Defendant's name or in the names of their owners, agents, employees, officers, persons acting in

concert with them, or any business names under which they operate, together with the number or other designation of each such account or box;

b. The names, addresses, and telephone numbers of any individuals who have received remuneration of any kind for assisting in record-keeping, bookkeeping, accounting, brokering, or financial, investment, or tax advice or consultation for any of the Defendatns in the past three years; and

c. An accounting of all assets that includes suitable reports detailing each of the Defendants' current financial condition and the financial condition of any entity in which such Defendant has a direct or controlling financial interest;

d. A completed Financial Disclosure Form provided by the United States and, on a monthly basis, provide an accounting of their assets in suitable reports detailing their financial conditions.

**IT IS FURTHER ORDERED** that the United States shall promptly attempt to provide notice of this action and this Order to the Defendants by, to the extent necessary, attempting service at last known addresses and by attempting telephone notice via known telephone numbers. Pursuant to 18 U.S.C. §1345(a)(3) and Rule 65(c) of the Federal Rules of Civil Procedure, Plaintiff United States of America shall not be required to post security for the instant action.

This temporary restraining order shall remain in force until the close of business on the 18th day of April, 2019, or at such later date as may be extended by the Court, or agreed upon by the parties.

~~The parties shall take notice that this matter shall come before the Court for a preliminary injunction hearing on the ____ day of _____, 2019, at _____ .m, in accordance with Plaintiff's complaint and motion for injunctive relief.~~ *To be scheduled by the original magistrate judge* Defendants may request an earlier hearing on the terms of this temporary restraining order in accordance with the terms of Federal Civil Procedure 65.

**DONE AND ORDERED** in chambers in Tampa, Florida this 4th day of April, 2019.

_____
HONORABLE
UNITED STATES DISTRICT JUDGE

# ATTACHMENT A

| Financial Institution | Account Name | Defendant Signor(s)/ Affiliated Defendant(s) | Account No. (last 4 digits) | Last Known Balance |
|---|---|---|---|---|
| BBT | Kelly Wolfe Personal | Kelly Wolfe | -3432 | $500,865.96 |
| BOA | Cordial Medical Supply | Christine Truglia, Patsy Truglia | -8232 | n/a |
| BOA | Indian Shores Bracing, Inc. | Christine Truglia | -9517 | $786,966.38 |
| BOA | Village Medical Supply, Inc. | Christine Truglia, Patsy Truglia | -8232 | n/a |
| JPMC | Ace Medical Supply, Inc. | Kelly Wolfe | -7006 | $66,660.55 |
| JPMC | Active Assist DME, Inc. | Kelly Wolfe | -5737 | $144,701.31 |
| JPMC | American Bracing Solutions Inc. | Kelly Wolfe | -1859 | $347,889.41 |
| JPMC | Back Braces Plus Inc. | Kelly Wolfe | -5912 | $185,780.44 |
| JPMC | Bracing Partners, Inc. | Kelly Wolfe | -7209 | $227,391.78 |
| JPMC | Caring For Your Pain Bracing, Inc. | Kelly Wolfe | -6789 | $86,172.14 |
| JPMC | Cherry Medical Supply | Joel Rufus French, Lateese Ford | -1861 | n/a |
| JPMC | First Stop Medical Supply Inc. | Kelly Wolfe | -9596 | $255,704.72 |
| JPMC | Franz Medical Supply | Aaron Williamsky, Nadia Levit | -6113 | n/a |
| JPMC | Helpful Home Medical | Kelly Wolfe | -0337 | $98,545.57 |
| JPMC | KS Medical Solutions | Kelly Wolfe Schuyler Poppe (a/k/a Schuyler St. John) | -9293 | $186,304.60 |
| JPMC | Paradise Medical Solutions, Inc. | Schuyler Poppe (a/k/a Schuyler St. John) | -1987 | $79,220.26 |

| Financial Institution | Account Name | Defendant Signor(s)/ Affiliated Defendant(s) | Account No. (last 4 digits) | Last Known Balance |
|---|---|---|---|---|
| JPMC | Schuyler Poppe Personal | Schuyler Poppe (a/k/a Schuyler St. John) | -6112 | $69,129.25 |
| JPMC | Self-Care Bracing, Inc. | Kelly Wolfe | -0275 | $189,148.36 |
| JPMC | Star Medical | Raquel Benevidez | 237636193 | n/a |
| JPMC | Sunshine Medical Solutions | Kelly Wolfe Schuyler Poppe (a/k/a Schuyler St. John) | -9922 | $149,557.26 |
| Regions | R&L Senior Marketing | Joel Rufus French | -6716 | $1,917,079.25 |
| Renasant | R&L Marketing | Joel Rufus French | -3578 | $3,576,939.95 |
| Renasant | R&L Marketing | Joel Rufus French | -5792 | $6,168.06 |
| WF | Cherry Medical Supply | Kelly Wolfe Schuyler Poppe (a/k/a Schuyler St. John) | -3190 | n/a |
| WF | Discovery Medical Supply Inc. | Kelly Wolfe Schuyler Poppe (a/k/a Schuyler St. John) | -2419 | n/a |
| WF | MKS Medical Supply, Inc. | Schuyler Poppe (a/k/a Schuyler St. John) | -5180 | n/a |
| WF | Regency, Inc. | Kelly Wolfe | -6768 | $238,203.71 |