UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 8:19-cv-803-T-33AEP

REGENCY, INC., *et al.*,

    Defendants.

_____/

### PRELIMINARY INJUNCTION AS TO DEFENDANT NADIA LEVIT

THIS MATTER comes before the Court upon the United States' *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum of Law, pursuant to 18 U.S.C. § 1345, filed on April 4, 2019; the Complaint for Temporary Restraining Order and Preliminary and Permanent Injunction, also filed on April 4, 2019; and the Declaration of Special Agent Mitchell Blum. The Court entered a Temporary Restraining Order ("TRO") on April 4, 2019, which has been extended until the Court enters an Order on the United States' request for a Preliminary Injunction. A hearing on the Motion for Preliminary Injunction is set to occur on May 24, 2019 [Dkt. 1, 3, 6, 60, 65].

Defendant Nadia Levit, without admitting or denying any of the allegations contained in the complaint and related filings, except that she admits to the Court's jurisdiction over her and over the subject matter of this action, hereby agrees to the entry of this Preliminary

Injunction. Upon consideration of the parties' agreement and the record in this case, the Court finds that the United States has demonstrated that:

1. Defendant Levit has violated and unless enjoined could continue to violate 18 U.S.C. § 1349, 18 U.S.C. § 371, 42 U.S.C. § 1320a-7b(b)(2)(A), and/or has committed a Federal health care offense (as defined in 18 U.S.C. § 24(a)) and unless enjoined could continue to commit a Federal health care offense through the submission of false and fraudulent claims to the Medicare program; and

2. Defendant has alienated or disposed of property, and unless enjoined could continue to alienate or dispose of property, obtained as a result of a Federal health care offense, property which is traceable to such violation, or property of equivalent value.

Based on the foregoing, the Court hereby concludes as follows:

That the requested relief be GRANTED and because the United States' motion is based on 18 U.S.C. § 1345, which expressly authorizes injunctive relief to protect the public interest, no specific finding of irreparable harm is necessary, no showing of the inadequacy of other remedies at law is necessary, and no balancing of the interests of the parties is required prior to the issuance of a preliminary injunction in this case. It is therefore

**ORDERED and ADJUDGED** that Defendant Levit, her agents, employees, companies, attorneys, and all persons acting in concert and participation with her, including all banking and other financial institutions at which she does business, and all corporations over which she exercises control, who receive actual or constructive notice by personal service, by publication, or otherwise, be enjoined as follows:

1. From making or submitting or conspiring to make or submit any claims to the Medicare program or any health care benefit program, as defined in 18 U.S.C. § 24(b), in violation of 18 U.S.C. § 1349, 18 U.S.C. § 371, 42 U.S.C. § 1320a-7b(b)(2)(A), and from committing any Federal health care offense, as defined in 18 U.S.C. § 24; It is

**FURTHER ORDERED** that Defendant, her respective agents, employees, companies, attorneys, and all persons acting in concert and participation with Defendant, including all banking and other financial institutions at which they do business, and all corporations over which they exercise control, are ordered:

2. To preserve all business, financial and accounting records, including bank records, that detail any of Defendant's business operations and disposition of any payment that directly or indirectly arose from the payment of money to any Defendant on behalf of the Medicare program;

3. To preserve all medical records, including patient records, that relate to any of Defendant's business operations and/or to services for which claims were submitted to the Medicare program. It is

**FURTHER ORDERED** that Defendant, within one calendar week of receiving notice of this Order:

4. Provide to the United States the following:

    a. a list of all post office boxes or other locations at which mail addressed to Defendant is received by or on behalf of Defendant;

    b. a list of all financial institutions, including but not limited to banks and brokerage houses, at which there are now, or have been maintained in the past five

years, any savings, checking, money market, investment, retirement, or any other kind of account or other safe deposit box into which money has been deposited in Defendant's name or in the names of any of her agents, employees, companies, persons acting in concert with them, or any business names under which they operate, together with the number or other designation of each such account or box;

    c.    a list of all financial institutions, including but not limited to, banks and brokerage houses, at which there are now, or have been maintained in the past five years, any savings, checking, money market, investment, retirement, or any other kind of account or other safe deposit box into which monies received in response to any of the activities described in the United States' complaint, have been deposited, together with the number of such box or other designation of each such account or box; and

    d.    the names, addresses, and telephone numbers of any individuals who have received remuneration of any kind for assisting in record-keeping, bookkeeping, accounting, brokering, or financial, investment, or tax advice or consultation for Defendant in the past five years;

5.    Complete a Financial Disclosure Statement form provided by the United States and, on a monthly basis, provide an accounting of Defendant's income and assets in suitable reports detailing her financial conditions.

6.    Provide to the United States Marshals Service a certified check payable for all of the funds held in the MBW Billing Services Incorporated account ending in 1282 at JP Morgan Chase. It is

**FURTHER ORDERED** that within one week of providing the MBW Billing Check to the United States,

7.  Defendant may continue to rent her residence located at 23680 Lasher Rd., Southfield, MI 48034 (the "Lasher Property"), provided that any rental income be first used to timely pay the mortgage, property taxes, association fees, and any other costs associated with the property, and any remaining proceeds from the rental income will be for the sole purpose of supporting Defendant's living expenses and legal fees;

8.  The Court will release from the scope of the TRO the funds held in Bank of America account number ending in 9554, for the sole purpose of returning the funds to the tenant currently renting the Lasher Property at the conclusion of the tenancy;

9.  Defendant may continue to rent her residence located at 1061 Roseberry Court, Manalapan, NJ 07751 (the "Roseberry Court Property"), provided that any rental income be first used to pay the mortgage property taxes, association fees, and any other costs associated with the property, and any remaining proceeds from the rental income will be for the sole purpose of supporting Defendant's living expenses and legal fees;

10. The Court will release from the scope of the TRO the funds held in Bank of America account number ending in 8343 for the sole purpose of returning the funds to the tenant currently renting the Roseberry Court Property at the conclusion of the tenancy.

11. If at any point in time Defendant seeks funds in addition to the funds referenced in paragraphs 7-10, she would need to file a motion with the Court explaining why more fees are reasonable to justify the release of additional assets. The government would have the opportunity to object to any such request.

Notwithstanding the above, Defendant may establish a new banking account at a financial institution of her choosing, and deposit into that account any income earned, at fair market salary, from after the date of this Injunction, that does not derive from any activity alleged in the Complaint or in the health care field, and that the income deposited into such account may be used by Defendant to pay for living and legal expenses without being restrained by the Preliminary Injunction; provided, however, that such account is not exempt from the reporting requirements of this Injunction as set forth in Paragraphs 6 and 7, above.

Defendant shall maintain the condition of the Lasher and Roseberry Court Properties and maintain the current and applicable insurance coverages for these Properties. Defendant shall also report on a monthly basis her income, expense and disposition of income from the Lasher and Roseberry Court Properties.

Defendant may not challenge this Injunction in the future based on any grounds that would have been available to her today. However, nothing in this Injunction shall be considered a waiver of Defendant's Fifth Amendment right against compulsory self-incrimination with regard to any of the reporting requirements of this Injunction as set forth in Paragraphs 5 and 6, above. The United States' right to challenge the appropriateness of any such invocation of the Defendant's Fifth Amendment rights is also specifically preserved by this Injunction.

**The preliminary injunction supersedes the TRO previously entered against this Defendant and will automatically dissolve, and the civil case will be dismissed with prejudice, upon entry of a final judgment resolving all asset forfeiture and restitution issues in, or dismissal with prejudice of, the parallel criminal case,** *United States v. Levit*,

Case No. 19-ct-247-KM (D.N.J.). However, nothing in this Preliminary Injunction shall prevent Defendant from surrendering to the United States or its designee any assets frozen by this Preliminary Injunction, if the United States consents to such voluntary surrender, and nothing in this Preliminary Injunction shall prevent any financial institution from complying with any federal seizure warrant.

The United States reserves the right to argue that any properties covered by the Order are subject to forfeiture under federal asset forfeiture laws.

**DONE and ORDERED** in chambers in Tampa, Florida this 20th day of May, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

cc: All counsel of record