UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 8:19-cv-803-T-33AEP

REGENCY, INC., KELLY WOLFE,
SCHUYLER POPPE, MICHELLE
KOEHLINGER, FRANZ "LJ"
HILBERATH, PATSY TRUGLIA,
CHRISTINE TRUGLIA, RUFUS
FRENCH, LATEESE FORD, AND
R&L SENIOR MARKETING a/k/a
R&L MARKETING GROUP LLC,
AARON WILLIAMSKY, NADIA
LEVIT, and STAR MEDICAL
SUPPLY,

Defendants.

_____/

## STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANT REGENCY, INC.

THIS MATTER comes before the Court upon the United States' *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum of Law, pursuant to 18 U.S.C. § 1345, filed on April 4, 2019 (Doc. 2); the *Ex Parte* Complaint for Temporary Restraining Order and Preliminary and Permanent Injunction, pursuant to 18 U.S.C. § 1345, also filed on April 4, 2019 (Doc. 1); and the Declaration of Special Agent

Mitchell Blum (Doc. 4). At issue before the Court is the United States' request for a preliminary injunction.

The United States alleged in its *ex parte* filings that Defendant Regency, Inc. ("Regency") was engaged in federal health care fraud offenses and had dissipated proceeds of the alleged fraud (Doc. 2 at p. 3). The United States moved for a temporary restraining order and preliminary injunction enjoining Defendant from continuing to commit federal health care fraud offenses, and freezing all of Defendant's assets, which the United States alleged were derived from the fraud or of an equivalent value of the fraud proceeds (Doc. 2 at p. 3, p. 23).

On April 4, 2019, the Court found that the United States had sufficiently demonstrated in its *ex parte* filings that Defendant was violating and was about to violate federal health care fraud offenses, and that the statutory conditions for granting a temporary restraining order under 18 U.S.C. § 1345 had been met. (Doc. 6 at pp. 1-2). The Court issued the Temporary Restraining Order ("TRO") (1) enjoining Defendant from committing health care fraud offenses, (2) freezing Defendant's assets, (3) ordering Defendant to preserve business, financial, and accounting records, as well as medical records related to Defendant's business operations, and (4) ordering Defendant to make financial disclosures to the Government (Doc. 6). On April 16, 2019, the Court granted the United States' motion to extend the TRO until the entry of an Order on the United States' request for a preliminary injunction (Doc. 33).

On April 25, 2019, Defendant responded in opposition to the United States' motion for a preliminary injunction and requested an evidentiary hearing (Doc. 50).

On April 25, 2019, the Court granted the United States' request to modify the TRO to release funds subject to federal seizure warrants (Doc. 42). Subsequently, pursuant to *ex parte* warrants, the United States seized funds from Defendant's bank account.[1]

On May 9, 2019, Defendant submitted financial disclosures to the United States.

A hearing on the United States' request for a preliminary injunction is scheduled for May 24, 2019 (Doc. 65, Doc. 66).

The United States contends that a preliminary injunction is warranted because Defendant has violated and unless enjoined could continue to violate 18 U.S.C. § 1349, 18 U.S.C. § 371, 42 U.S.C. § 1320a-7b(b)(2)(A), and/or has committed a Federal health care offense (as defined in 18 U.S.C. § 24(a)) and unless enjoined could continue to commit a Federal health care offense through the submission of false and fraudulent claims to the Medicare program; and Defendant has alienated or disposed of property, and unless enjoined could continue to alienate or dispose of property, obtained as a result of a Federal health care offense, property which is traceable to such violation, or property of equivalent value.

Defendant agrees to the Court's jurisdiction over it and the subject matter of this action. Defendant does not admit or deny the allegations contained in the United States' *ex parte* filings.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, the United States and Defendant consent to the entry of this Preliminary Injunction, as set forth below. The United States and Defendant's agreement to the entry of

---

[1] Defendant contends, and the United States disputes, that, even assuming the veracity of the allegations, the United States has seized sufficient assets to satisfy any potential forfeiture obligations.

this Preliminary Injunction is neither an admission of liability or wrongdoing by Defendant nor a concession by the United States that its claims are not well founded.

Upon consideration of the parties' agreement and the record in this case, it is **ORDERED and ADJUDGED** that Defendant, its agents, employees, companies, attorneys, and all persons acting in concert and participation with it, including all banking and other financial institutions at which Defendant does business, and all corporations over which Defendant exercises control, who receive actual or constructive notice by personal service, by publication, or otherwise, be enjoined as follows:

From making or submitting or conspiring to make or submit any claims to the Medicare program or any health care benefit program, as defined in 18 U.S.C. § 24(b), in violation of 18 U.S.C. § 1347, 18 U.S.C. § 1349, 18 U.S.C. § 371, and/or 42 U.S.C. § 1320a-7b(b)(2)(A), and from committing any Federal health care offense, as defined in 18 U.S.C. § 24.

It is **FURTHER ORDERED** that Defendant, its respective agents, employees, companies, attorneys, and all persons acting in concert and participation with Defendant, including all banking and other financial institutions at which Defendant does business, and all corporations over which Defendant exercises control, are ordered:

1. To preserve all business, financial and accounting records, including bank records, that detail any of Defendant's business operations and disposition of any payment that directly or indirectly arose from the payment of money to any Defendant on behalf of the Medicare program;

2. To preserve all medical records, including patient records, that relate to any of Defendant's business operations and/or to services for which claims were submitted to the Medicare program.

Defendant may not challenge this Injunction in the future based on any grounds that would have been available to Defendant today. **This Preliminary Injunction shall remain in force until further Order of the Court, and supersedes the TRO previously entered against this Defendant.**

**DONE and ORDERED** in chambers in Tampa, Florida this 21st day of May, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

cc: All counsel of record