UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

v.

                                  Case No. 8:19-cv-803-T-33AEP

REGENCY, INC., *et al.*,

  Defendants.

_____/

**<u>PRELIMINARY INJUNCTION AS TO DEFENDANT JOEL RUFUS FRENCH</u>**

    THIS MATTER comes before the Court upon the United States' *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum of Law, pursuant to 18 U.S.C. § 1345, filed on April 4, 2019; the Complaint for Temporary Restraining Order and Preliminary and Permanent Injunction, also filed on April 4, 2019; and the Declaration of Special Agent Mitchell Blum.  The Court entered a Temporary Restraining Order ("TRO") on April 4, 2019, which has been extended until the Court enters an Order on the United States' request for a Preliminary Injunction.  A hearing on the Motion for Preliminary Injunction is set to occur on July 1, 2019 [Dkt. 1, 3, 6, 85].

    Defendant Joel Rufus French, without admitting or denying any of the allegations contained in the complaint and related filings, except that he admits to the Court's jurisdiction over him and over the subject matter of this action, hereby agrees to the entry of this

Preliminary Injunction. Upon consideration of the parties' agreement and the record in this case, the Court finds that the United States has demonstrated that:

1. Defendant French has violated and unless enjoined could continue to violate 18 U.S.C. § 1349, 18 U.S.C. § 1347, 18 U.S.C. § 371, 42 U.S.C. § 1320a-7b(b)(2)(A), and/or has committed a Federal health care offense (as defined in 18 U.S.C. § 24(a)) and unless enjoined could continue to commit a Federal health care offense through the submission of false and fraudulent claims to the Medicare program; and

2. Defendant has alienated or disposed of property, and unless enjoined could continue to alienate or dispose of property, obtained as a result of a Federal health care offense, property which is traceable to such violation, or property of equivalent value.

Based on the foregoing, the Court hereby concludes as follows:

That the requested relief be GRANTED and because the United States' motion is based on 18 U.S.C. § 1345, which expressly authorizes injunctive relief to protect the public interest, no specific finding of irreparable harm is necessary, no showing of the inadequacy of other remedies at law is necessary, and no balancing of the interests of the parties is required prior to the issuance of a preliminary injunction in this case. It is therefore

**ORDERED and ADJUDGED** that Defendant French, his agents, employees, companies, attorneys, and all persons acting in concert and participation with him, including all banking and other financial institutions at which he does business, and all corporations over which he exercises control, who receive actual or constructive notice by personal service, by publication, or otherwise, be enjoined as follows:

1.  From making or submitting or conspiring to make or submit any claims to the Medicare program or any health care benefit program, as defined in 18 U.S.C. § 24(b), in violation of 18 U.S.C. § 1349, 18 U.S.C. § 1347, 18 U.S.C. § 371, 42 U.S.C. § 1320a-7b(b)(2)(A), and from committing any Federal health care offense, as defined in 18 U.S.C. § 24;

2.  From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, any moneys or sums presently deposited, or held on behalf of Defendant by any financial institution, trust fund, insurance company, or other financial entity, public or private, that are proceeds or profits from Defendant's Federal health care offenses or property of an equivalent value of such proceeds or profits;

3.  From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, assets, real or personal (including, for example, real estate, motor vehicles, boats and watercraft, jewelry, artwork, antiques, household furniture and furnishings, etc.), in which Defendant has an interest, up to the equivalent value of the proceeds of the Federal health care fraud; It is

**FURTHER ORDERED** that Defendant, his respective agents, employees, companies, attorneys, and all persons acting in concert and participation with Defendant, including all banking and other financial institutions at which they do business, and all corporations over which they exercise control, are ordered:

4.  To preserve all business, financial and accounting records, including bank records, that detail any of Defendant's business operations and disposition of any payment that

directly or indirectly arose from the payment of money to any Defendant on behalf of the Medicare program;

5.  To preserve all medical records, including patient records, that relate to any of Defendant's business operations and/or to services for which claims were submitted to the Medicare program.  It is

**FURTHER ORDERED** that Defendant, within one calendar week of receiving notice of this Order:

6.  Provide to the United States the following:

a.  a list of all post office boxes or other locations at which mail addressed to Defendant is received by or on behalf of Defendant;

b.  a list of all financial institutions, including but not limited to banks and brokerage houses, at which there are now, or have been maintained in the past five years, any savings, checking, money market, investment, retirement, or any other kind of account or other safe deposit box into which money has been deposited in Defendant's name or in the names of any of his agents, employees, companies, persons acting in concert with them, or any business names under which they operate, together with the number or other designation of each such account or box;

c.  a list of all financial institutions, including but not limited to, banks and brokerage houses, at which there are now, or have been maintained in the past five years, any savings, checking, money market, investment, retirement, or any other kind of account or other safe deposit box into which monies received in response to any of the activities

described in the United States' complaint, have been deposited, together with the number of such box or other designation of each such account or box; and

        d.    the names, addresses, and telephone numbers of any individuals who have received remuneration of any kind for assisting in record-keeping, bookkeeping, accounting, brokering, or financial, investment, or tax advice or consultation for Defendant in the past five years;

    7.    Complete a Financial Disclosure Statement form provided by the United States and, on a monthly basis, provide an accounting of Defendant's income and assets in suitable reports detailing his financial conditions.

    8.    Notwithstanding the above, Defendant may establish a new banking account at a financial institution of his choosing, and deposit into that account any income earned, at fair market salary, from after the date of this Injunction, that does not derive from any activity alleged in the Complaint and does not involve the submission of claims to any government healthcare program, and that the income deposited into such account may be used by Defendant to pay for living and legal expenses without being restrained by the Preliminary Injunction; provided, however, that such account is not exempt from the reporting requirements of this Injunction as set forth in Paragraphs 6 and 7, above.  It is

    **FURTHER ORDERED** that

    9.    Renasant Bank is directed to release to the Defendant funds in the amount of $190,000 currently held in R&L Laboratory Services, LLC account number ending in 5186.

Defendant may not challenge this Injunction in the future based on any grounds that would have been available to him today.  However, nothing in this Injunction shall be

considered a waiver of Defendant's Fifth Amendment right against compulsory self-incrimination with regard to any of the reporting requirements of this Injunction as set forth in Paragraphs 6 and 7, above.  The United States' right to challenge the appropriateness of any such invocation of the Defendant's Fifth Amendment rights is also specifically preserved by this Injunction.

**This Preliminary Injunction shall remain in force until further Order of the Court and supersedes the TRO previously entered against this Defendant.**  However, nothing in this Preliminary Injunction shall prevent Defendant from surrendering to the United States or its designee any assets frozen by this Preliminary Injunction, if the United States consents to such voluntary surrender, and nothing in this Preliminary Injunction shall prevent any financial institution from complying with any federal seizure warrant.

**DONE and ORDERED** in chambers in Tampa, Florida this <u>19th</u> day of June, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

cc: All counsel of record