UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

v.

Case No. 8:19-cv-803-T-33AEP

REGENCY, INC., KELLY WOLFE, SCHUYLER POPPE, MICHELLE KOEHLINGER, FRANZ "LJ" HILBERATH, PATSY TRUGLIA, CHRISTINE TRUGLIA, RUFUS FRENCH, LATEESE FORD, AND R&L SENIOR MARKETING a/k/a R&L MARKETING GROUP LLC, AARON WILLIAMSKY, NADIA LEVIT, and STAR MEDICAL SUPPLY,

  Defendants.

_____/

## Case Management Report

The United States and Defendants Regency, Inc., Kelly Wolfe, Schuyler Poppe, Michelle Koehlinger, Franz "LJ" Hilberath, Joel Rufus French, Lateese Ford, R&L Senior Marketing, and Nadia Levit (the "Joint Parties") have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures** [Approximately 30 days after CMR | 7/19/19 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [Each party who has not previously filed must file | 6/28/19 |
| **Motions to Add Parties or to Amend Pleadings** [Approximately 1 - 2 months after CMR | 8/16/19 |

| | |
|---|---|
| **Disclosure of Expert Reports**<br>Plaintiff:                                                                Defendant:<br>[Approximately 1 - 2 months before discovery deadline to allow expert depositions] | 12/20/19 |
| **Discovery Deadline**<br>[Approximately 6 - 8 months after defendant's first appearance] | 1/31/20 |
| **Dispositive Motions,** *Daubert,* **and** *Markman* **Motions**<br>[Court requires 5 months or more before trial term | 2/21/20 |
| **Meeting** *In Person* **to Prepare Joint Final Pretrial Statement**<br>[Court will set a date] | |
| **Joint Final Pretrial Statement (***Including* **a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Witness Lists, Exhibit Lists with Objections on Approved Form – all to be emailed in a Word document to chambers at: chambers_flmd_covington@flmd.uscourts.gov.)**<br>[Court will set a date] | |
| **All Other Motions Including Motions** *In Limine*<br>[Court requires 2 months before Trial term begins] | 5/1/20 |
| **Final Pretrial**<br>**Conference [Court will** | |
| **Trial Term Begins**<br>[Trial term must not be less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first Monday of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | 7/6/20 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Estimated Length of Trial** [Number of trial days] | The Joint Parties do not believe a trial is necessary |
| **Jury / Non-Jury** | The Joint Parties do not believe a trial is necessary |
| **Mediation Deadline: 2/5/20** <br><br>**Proposed Date of Mediation:** <br><br>**Mediator:**                              **Address:** <br><br>**Telephone:** <br><br>[Absent arbitration, mediation is *mandatory*; the Court recommends 7 days after the discovery deadline] | The Joint Parties do not believe mediation is necessary in this case |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes X <br> No____ <br><br> Likely to Agree in Future _____ |

I.   **Preparation of the Case Management Report**

Lead counsel may meet in person or by telephone to prepare the Case Management Report. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] meetings were held by telephone on June 19, 2019 and June 20, 2019 and the below counsel participated:

| | |
|---|---|
| Carolyn Tapie | Counsel for United States of America |
| Sean Keefe | Counsel for United States of America |
| Eddie Suarez | Counsel for Kelly Wolfe and Regency, Inc. |
| Bjorn Brunvand | Counsel for Franz Hilberath |
| James Kousouros | Counsel for Nadia Levit |
| Anthony Vitale | Counsel for Patsy Truglia |
| J. Alex Little | Counsel for Rufus French, Lateese Ford, R&L Senior Marketing |
| Schuyler Poppe | |
| Sean Ellsworth | Counsel for Christine Truglia |
| Richard Rodriguez | Counsel for Michelle Koehlinger |

Once the parties have met and a case management report has been filed, discovery in this case can commence.

II.   **Pre-Discovery Initial Disclosures of Core Information**

   **Fed. R. Civ. P. 26(a)(1)(A) - (D) Disclosures**

Fed. R. Civ. P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ____ have exchanged ____ agree to exchange (check one)

information described in Fed. R. Civ. P. 26(a)(1)(A) - (D)

**The Joint Parties have stipulated that initial disclosures are not necessary in this case.**

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

### III. Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

 X   No party anticipates the disclosure or discovery of ESI in this case;

 ___ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

**A.** The form or forms in which ESI should be produced.

**B.** Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought

**C.** Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

**D.** The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

**E.** The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

**F.** Any issues relating to preservation of discoverable ESI.

**G.** Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management

Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

      **H.**  Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues. Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:

_____

[2] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26 (f) and Rule 16.

_____

_____

If there are disputed issues specified above, or elsewhere in this report, then (check one):

    ___ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

    **If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

    ___ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**IV.**     **Agreed Discovery Plan for Plaintiffs and Defendants**

      **A.**     **Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

_____ Yes

___X___ No          **Amended Certificate will be filed by all Joint Parties on or before June 29, 2019.**

**B.     Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

**C.     Limits on Discovery —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ. P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows: **The Joint Parties have agreed that because preliminary injunctions have been entered in this matter, discovery is not necessary in this case.**

**D.     Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: **The Joint Parties have agreed that because preliminary injunctions have been entered in this matter, discovery is not necessary in this case.**

**E.     Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony: **The Joint Parties have agreed that because preliminary injunctions have been entered in this matter, discovery is not necessary in this case.**

**F.     Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: **The Joint Parties have agreed that because preliminary injunctions have been entered in this matter, discovery is not necessary in this case.**

    G.    **Other Matters Regarding Discovery —**

**V.**    **Settlement and Alternative Dispute Resolution**.

    A.    **Settlement —**

The parties agree that settlement is

__X__ likely _____ unlikely    (check one)

The parties request a settlement conference before a United States Magistrate Judge.

_____ yes _____ no   likely to request in future _____

    B.    **Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

_____ yes _____   NO __X__   _____ likely to agree in future _____
_____ Binding   _____ Non-Binding

    C.    **Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-

annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

      **D.**      **Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:

Date: June 20, 2019

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

*/s/ Sean P. Keefe*
SEAN P. KEEFE
Assistant United States Attorney
Florida Bar No. 0413828
CAROLYN B. TAPIE
Assistant United States Attorney
USA No. 190
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6198
Email: Carolyn.B.Tapie@usdoj.gov
*Counsel for United States*

*s/ Eddie Suarez*
Eddie Suarez
Florida Bar. No. 752540
Rachel May Zysk
Florida Bar No. 0010657
THE SUAREZ LAW FIRM
1011 W. Cleveland Street
Tampa, FL 33606
(813) 229-0040
esuarez@suarezlawfirm.com
rzysk@suarezlawfirm.com
*Counsel for Regency, Inc. and Kelly Wolfe*

*s/Bjorn E. Brunvand*
BJORN E. BRUNVAND, ESQ.
BRUNVAND WISE, P.A.
615 Turner Street
Clearwater, Florida 33756
Telephone No. (727) 446-7505
Facsimile No. (727) 446-8147
Email:  bjorn@acquitter.com
Florida Bar No. 831077

*s/Anthony C. Vitale*
ANTHONY C. VITALE, P.A.
LAW CENTER AT BRICKELL BAY
2333 Brickell Avenue, Suite A-1 |
Miami, FL 33129
Dade: 305-358-4500 |
Facsimile: 305-358-5113
avitale@vitalehealthlaw.com
*Counsel for Patsy Truglia*

*/s/ Richard Rodriguez*
TODD FOSTER
Florida Bar No.: 0325198
tfoster@barnettbolt.com
RICHARD RODRIGUEZ
Florida Bar No.: 083546
rrodriguez@barnettbolt.com
**BARNETT, BOLT, KIRKWOOD, LONG KOCHE & FOSTER, P.A.**
601 Bayshore Blvd. Suite 700
Tampa, FL 33606
Telephone: (813) 253-2020
*Attorneys for Defendant Michelle Koehlinger*

*s/ Sean M. Ellsworth*
Ellsworth Law Firm, P. A.
1000 5th Street
Thyssen Building, Suite 223
Miami Beach, Florida 33139
(305) 535.2529 phone
(305) 535 2881 fax
www.ellslaw.com
*Counsel for Christine Truglia*

*s/ J. Alex Little*
J. ALEX LITTLE (TN BPR # 029858)

Bone McAllester Norton PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219
Telephone: (615) 238-6395
Fax: (615) 687-6998
alex.little@bonelaw.com
*Counsel for Joel Rufus French, Lateese Ford and R&L Senior Marketing*

*s/ Schuyler Poppe*

*s/ Nadia Levit*