# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.                                      Case No. 8:19-cv-803-T-33AEP

REGENCY, INC., *et al.*,

   Defendants.

_____/

## CONSENT MOTION FOR STAY OF CIVIL PROCEEDINGS AS TO CERTAIN DEFENDANTS AND INCORPORATED MEMORANDUM OF LAW

The United States of America, by and through the undersigned Assistant United States Attorneys, respectfully moves this Court for a stay of all proceedings in this civil case with respect to the Defendants Regency, Inc., Kelly Wolfe, Schuyler Poppe, Michelle Koehlinger, Franz "LJ" Hilberath, Joel Rufus French, Lateese Ford, R&L Senior Marketing, Nadia Levit, Patsy Truglia, and Christine Truglia (hereinafter the "Stipulating Defendants"), pending the resolution or completion of the related parallel criminal investigations or proceedings against each defendant.  The Stipulating Defendants agree to the stay sought by this Motion.[1]

---

[1] Defendant Koehlinger consents to this motion provided that, if the Court denies the motion, such consent will not preclude Ms. Koehlinger from engaging in discovery.

For the reasons set forth below, this Court should exercise its inherent authority to stay all civil proceedings, with respect to the Stipulating Defendants,[2] to avoid conflicts with, and prejudice to, the ongoing criminal investigations and prosecutions. A stay is particularly appropriate where, as here, the civil action is an injunctive action filed under 18 U.S.C. § 1345, a statute that authorizes injunctive relief upon a showing of a predicate criminal violation so that the proceeds of the alleged fraud, or assets of equivalent value, will still be available pending resolution of the criminal action. Furthermore, pursuant to 18 U.S.C. § 1345(b), the Federal Rules of Criminal Procedure would apply to any discovery conducted in this action, due to the pending indictments against Defendants Williamsky and Levit.

**Procedural Background**

On April 4, 2019, the United States filed a Complaint for Temporary Restraining Order and Preliminary and Permanent Injunction (Dkt. 1), along with an Emergency *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction, pursuant to 18 U.S.C. § 1345, with a Memorandum in Support thereof (Dkt. 3), and an accompanying Declaration of Special Agent Mitchell S. Blum (Dkt. 4). The Court issued a Temporary Restraining Order ("TRO") the same day (Dkt. 6). The TRO was served on the defendants beginning on April 9, 2019, in conjunction with the execution of search and seizure warrants around the country and the arrest of multiple persons

---

[2] The only defendants not covered by this motion are Aaron Williamsky and Star Medical Supply. The United States is in discussions with Mr. Williamsky, who is currently incarcerated and recently obtained new legal counsel in the criminal matter related to this civil action, *United States v. Williamsky, et al.*, Case No. 19-cr-247-KM (D.N.J.). The United States expects that it will reach an agreed resolution with Defendant Williamsky, at which time it will move for a similar stay as to civil proceedings as to him. The United States intends to move for default judgment against Star Medical shortly.

involved in a nationwide healthcare fraud scheme, including Defendants Levit and Williamsky.  *See* https://www.justice.gov/usao-mdfl/pr/federal-indictments-and-law-enforcement-actions-one-largest-health-care-fraud-schemes.

      The TRO (1) enjoined the Defendants from committing health care fraud offenses, (2) froze Defendants' assets, (3) ordered Defendants to preserve business, financial, and accounting records, as well as medical records related to Defendants' business operations, and (4) ordered Defendants to make financial disclosures to the Government.  (Dkt. 6).  The TRO is in place as to Defendants Williamsky and Star Medical until the entry of an Order on the United States' request for a preliminary injunction (Dkt. 33).[3]   The other eleven defendants (the Stipulating Defendants) have each stipulated to a Preliminary Injunction, and each Stipulated Preliminary Injunction has now been entered by the Court.  (Dkts. 78-81, 86, 97-99, 102-103).  The Preliminary Injunctions bar the Stipulating Defendants from submitting false claims to Medicare or committing any other Federal health care offenses, and, as to certain defendants, prohibit the dissipation of certain assets.

      Plaintiff United States and the Stipulating Defendants have now agreed to stay these civil proceedings with respect to each Stipulating Defendant, pending the resolution of related parallel criminal investigations and proceedings.  Plaintiff United States and the Stipulating Defendants agree that that the Preliminary Injunctions against

---

[3] The United States' Motion for a Preliminary Injunction as to Defendant Williamsky is currently scheduled for a hearing on July 1, 2019.  (Dkt. 85).

each Stipulating Defendant shall remain intact, including any defendant's affirmative duties contained in the Preliminary Injunctions.

For the reasons set forth below, this Court should exercise its inherent authority to stay all civil proceedings, with respect to the Stipulating Defendants, to avoid conflicts with, and prejudice to, the ongoing criminal investigations and proceedings.

### Legal Argument

This Court has within its discretion the power to grant a stay of this proceeding. A court's authority to grant a stay of proceedings derives from the power of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A stay of civil proceedings is appropriate "when the interests of justice seem[] to require such action." *Securities and Exchange Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1969)).

Courts have long recognized the wisdom of staying civil actions or civil discovery pending the resolution of related criminal proceedings to avoid the conflict inherent in concurrent proceedings. *See United States v. U.S. Currency*, 626 F.2d 11, 17 (6th Cir. 1980); *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084, 1089 (5th Cir. 1979), *reh'g denied*, 611 F.2d 1026 (5th Cir. 1980).[4] "In addition, a civil trial court may stay discovery until the grand jury investigation is completed. This procedure prevents civil

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

4

litigants from engaging in strategic litigation to delay criminal investigations by blocking relevant evidence. Although stays delay civil proceedings, they may provide useful as the criminal process may determine and narrow the remaining civil issues." *Grand Jury Proceedings (Williams) v. United States*, 995 F.2d 1013, 1018 n. 11 (11th Cir. 1993) (internal citations omitted). A stay of the civil proceedings pending resolution of the criminal investigation or proceedings are particularly common in health care fraud cases, where the United States frequently pursues parallel criminal and civil actions. *See, e.g., United States ex rel. McNutt v. Haleyville Medical Supplies, Inc.*, 423 F.3d 1256, 1258 (11th Cir. 2005) (noting the District Court ordered a stay of civil discovery); *United States ex rel. Sarasola v. Aetna Life Ins. Co.*, 319 F.3d 1292, 1298 (11th Cir. 2003) (same, based on United States' unopposed motion to stay).

Summarizing this policy, in a decision reversing the District Court's denial of a stay in a civil proceeding, the Fifth Circuit held that:

> There is a clear-cut distinction between private interests in civil litigation and the public interest in a criminal prosecution, between a civil trial and a criminal trial, and between the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure….The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority: which case would be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962), *cert. denied*, 371 U.S.955 (1963).

Accordingly, the stay sought by the United States is a matter which the Court may grant through its exercise of its inherent authority.

In addition, a stay is appropriate in this case, where the Complaint states only an injunctive cause of action under 18 U.S.C. § 1345. *See United States v. Sunny Days of Palm Beach CMHC, Inc., et al.*, No. 09-cv-80476, Dkt. 23 (S.D. Fla. 2009) (order granting stay of civil proceedings in action brought under 18 U.S.C. § 1345 when defendant had stipulated to a preliminary injunction and parallel criminal investigations were pending). Section 1345 allows the United States to enjoin both the commission of Federal health care offenses and other fraud, and to enjoin the dissipation of property or assets obtained as a result of any such fraud, or assets of equivalent value. By its very terms, 18 U.S.C. § 1345 requires a showing of a predicate criminal violation in order for an injunction to issue. Presumably, the assets being frozen – proceeds of an alleged health care fraud or assets of equivalent value – are being frozen in part so they will be available for restitution in a later criminal proceeding. Where a criminal investigation or proceeding is contemplated or underway, then the purpose of 18 U.S.C. § 1345 is met where, as here, a preliminary injunction preserving the status quo has been issued, and no further action need be taken.

Additionally, 18 U.S.C. § 1345 specifically provides that once an indictment is returned against a defendant, then the related 18 U.S.C. § 1345 action will be governed by the Federal Rules of Criminal Procedure. 18 U.S.C. § 1345(b). This language strongly implies that Congress intended that civil discovery in 18 U.S.C. § 1345 actions not be used to undermine or endanger the related criminal investigation or proceeding. As indictments have been returned against two of the defendants here, Aaron

Williamsky and Nadia Levit, the Federal Rules of Criminal Procedure apply to this civil proceeding.

Typically, defendants can benefit from stays of civil proceedings in that a stay would allow them the opportunity to concentrate their litigation efforts on matters related to the parallel criminal proceedings. The Stipulating Defendants have consented to a stay of the civil proceedings in this matter. Continuing to litigate this civil action, now that the preliminary injunctions have been issued and the status quo preserved, could compromise the ongoing criminal investigations. Granting a stay in this case will eliminate the possibility of a conflict between this case and the ongoing criminal investigations and/or proceedings, and would promote judicial economy.

## Conclusion

Wherefore, for the foregoing reasons, the United States respectfully requests that the Court grant its agreed-to motion for a stay of all proceedings in this action, with respect to the Stipulating Defendants, pending resolution of the related criminal investigations or proceedings.

Dated: June 24, 2019                          Respectfully submitted,

                                              MARIA CHAPA LOPEZ
                                              United States Attorney

                                              */s/ Carolyn B. Tapie*
                                              CAROLYN B. TAPIE
                                              Assistant United States Attorney
                                              USA No. 190
                                              SEAN P. KEEFE

        Assistant United States Attorney
        Florida Bar No. 0413828
        400 North Tampa Street, Suite 3200
        Tampa, Florida 33602
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6198
        Email: Carolyn.B.Tapie@usdoj.gov
        *Counsel for United States*

## Certificate of Service

I hereby certify that, on June 24, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have entered notices of appearance in this matter, and provided copies via U.S. Mail to all other parties or their counsel.

        */s/ Carolyn B. Tapie*
        Carolyn B. Tapie
        Assistant United States Attorney